IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| APICHAYA RAKTABUTR | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-21-0008 |
| GREATER BALTIMORE MEDICAL CENTER, | * | |
| | * | |
| Defendant | | |

\*\*\*

**MEMORANDUM**

Apichaya Raktabutr, who is self-represented, filed suit (ECF 1) against the Greater Baltimore Medical Center ("GBMC"), along with a motion for leave to proceed in forma pauperis (ECF 2). Because Raktabutr's financial affidavit demonstrates that she is eligible to proceed in forma pauperis, I shall grant the motion (ECF 2).

GBMC filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). ECF 6. Defendant's motion is supported by a memorandum of law (ECF 6-1) and a declaration. ECF 6-2. Plaintiff filed a letter in response, asking to "stay in the case until final." ECF 8.

No hearing is necessary to resolve the motion. *See* Local Rule 105.6. For the reasons that follow, I will grant the motion and dismiss the complaint, without prejudice, and with leave to amend.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff initiated this action by filing her claims on a preprinted form titled "Complaint For Employment Discrimination." ECF 1. She alleges that she worked as a Clinical Pharmacist at

GBMC, and that GBMC, her former employer, obstructs her prospects for future employment by making untrue statements about her. ECF 1 at 3. She alleges that GBMC unfairly terminated her from employment for not showing up at work, although she was not scheduled to work, and she has "the schedule to prove it." *Id.* at 4. Further, she claims that GBMC continues to inform potential employers about her termination. *Id*. She also claims that GBMC has retaliated against her. *Id*.

Plaintiff checked boxes on the Complaint form that indicate she is claiming discriminatory conduct for termination of her employment, retaliation, and other acts *Id*. at 4. The Complaint form reads: "It is my best recollection that the alleged discriminatory acts occurred on…" In response, plaintiff has written the date "January 2017." *Id*. However, plaintiff has not checked any boxes on the form listing possible bases for unlawful discrimination. *Id*. Plaintiff asks "a judge/court to tell GBMC hospital to stop persecution/retaliation me [sic]" and she seeks "some compensation if possible" of an unstated sum. *Id*. at 5 at 5-6.

As the basis for jurisdiction in this case, plaintiff indicates "Other federal law," "Relevant state law," and "Relevant city or county law." But, she does not identify the law or laws under which she brings her claims. *Id*. at 3.

## II.  DISCUSSION

### A.  Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to challenge the court's subject matter jurisdiction. Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also The Piney Run Preservation Ass'n v. Cty. Comm'rs of Carroll Cty.,* 523 F.3d 453, 459 (4th Cir. 2008); *Evans v. B.F. Perkins Co.,* 166

F.3d 642, 647 (4th Cir. 1999).  However, a court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *B.F. Perkins*, 166 F.3d at 647 (citation omitted).  A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either by a facial challenge or a factual challenge. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *accord Hutton v. Nat'l Bd. of Exam'rs Inc.*, 892 F.3d 613, 620-21 (4th Cir. 2018).  Here, defendant raises a facial challenge to the Complaint.

### B.  Jurisdiction

This court is one of limited jurisdiction.  *Gunn v. Minton*, 586 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377).  Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

In general, a district court may hear claims only that arise from a federal question presented, 28 U.S.C. § 1331, or which are based on diversity of citizenship, 28 U.S.C. § 1332. Federal question jurisdiction exists for any civil action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are residents of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. If at any time a court determines that it lacks subject matter jurisdiction, the court must dismiss the

action. Fed. R. Civ. P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

### 1. Diversity of Citizenship of the Parties

Defendant argues that plaintiff has not met the requisites for diversity jurisdiction. ECF 6-1 at 3-4. First, plaintiff and defendant are citizens of the same state, Maryland. According to the Complaint, plaintiff is domiciled in Maryland. ECF 1 at 1. GBMC is incorporated in Maryland, with its principal place of business in Towson, Maryland. Affidavit of Susan F. Martielli, ECF 6-2, ¶ 4-5. Second, plaintiff has not satisfied amount in controversy requirement, because she does not assert that the matter in controversy exceeds $75,000. ECF 1 at 5. The relief plaintiff seeks is for the court to direct defendant to cease retaliation against her, and to award her "some compensation if possible," without stating a specific amount. *Id*.

Under these facts, plaintiff provides no grounds for jurisdiction based on diversity of the parties' citizenship.

### 2. Federal Question Jurisdiction

Defendant next asserts that no federal question is presented on the face of the Complaint. ECF 6-1 at 4-6. A "case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see also Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (stating that a "suit arises under the law that creates the cause of action"). A claim is also deemed to arise under federal law for purposes of 28 U.S.C. § 1331 when, although it finds its origins in state law, "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690(2006); *see Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1,13 (1983).

4

GBMC accurately notes that plaintiff asserts no facts to suggest that her employment claims arise under federal law, whether it be Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* or any other federal law. ECF 6-1 at 4. Further, plaintiff does not allege that she was terminated from employment based on any legally protected basis to support a federal employment claim. *Id.* at 5. Rather, plaintiff alleges that she was unfairly terminated for not coming to work on days she claims she was not scheduled to work. *Id.*

Defendant asserts that the claim is essentially one for wrongful termination, which arises under state law, or tortious interference, which also arises under state law. *Id.* And, according to GBMC, such a claim would be untimely filed, as the statute of limitations for such a state law claim is three years. *See* ECF 6-1 at 5 n.2; *see also* Md. Code, Cts. & Jud. Proc. § 5-101; *Bowman-Cook v. Wash. Metro. Area Transit Auth.*, Civ. No. DKC-14-1877, 2017 WL 3592450, at *5 (D. Md. Aug. 21, 2017) (applying § 5-101).[1]

GBMC also argues that, even if a basis for federal question jurisdiction were apparent from the face of the Complaint, plaintiff presents no evidence that she exhausted her administrative remedies by filing her claims with the Equal Employment Opportunity Commission ("EEOC") prior to filing this lawsuit. ECF 6-1 at 5-6; *see Sydnor v. Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012) (exhaustion requirements apply to claims under Title VII and the ADA); *Byington v. NBRS Financial Bank*, 903 F. Supp. 2d 342, 348 (D. Md. 2012) (noting exhaustion requirement applies to ADEA claims). Failure to follow these procedures will bar the claimant from bringing suit.

---

[1] Because plaintiff alleges continuing misconduct by GBMC, the claims are not necessarily barred by limitations.

Plaintiff does not dispute defendant's arguments in her response letter. And, in light of the circumstances described above, the court does not appear to have a basis to exercise jurisdiction over this matter. However, because plaintiff is self-represented, and her filings are subject to liberal construction, I will grant her leave to amend, until March 19, 2021.

To comply with the Federal Rules of Civil Procedure, a complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. *See* Fed. R. Civ. Proc. 8(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Therefore, if plaintiff seeks to amend her suit, she should include the following information: a clarification as to whether plaintiff is alleging that defendant violated federal law in terminating her employment; the name(s) of the law or laws; facts to show how these laws were violated; and the names of any persons she believes unlawfully terminated her employment, with facts in support. Plaintiff should also specify whether plaintiff has presented her claims to the EEOC and the results.

Plaintiff is also directed to write the above case number on the amended complaint. Plaintiff is cautioned that if she fails to comply with this Order, the suit may be dismissed, without prejudice, and without further notice.

## III. CONCLUSION

For the foregoing reasons, I will grant the motion, without prejudice, and with leave to amend. A separate Order follows.


February 18, 2021                              /s/
Date                                     Ellen L. Hollander
                                         United States District Judge